# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR MCDANIEL, | ) | CASE NO. 1:21-CV-2389 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE JAMES E. |
| | ) | GRIMES, JR. |
| WARDEN KENNETH BLACK, | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Respondent. | ) | **MAGISTRATE JUDGE'S REPORT AND** |
| | ) | **RECOMMENDATION (ECF NO. 31)** |

In 2019, a Cuyahoga County Court of Common Pleas jury convicted Petitioner Arthur McDaniel of three counts of sexual battery of a victim less than 13 years old; five counts of gross sexual imposition; two counts of kidnapping, with a sexual motivation specification; one count of rape of a victim less than 13 years old; and seven counts of rape. *State of Ohio v. McDaniel*, No. CR-18-633120-A (Cuyahoga C.P. Jan. 24, 2019). The charges stem from McDaniel's long-term sexual abuse of his two stepdaughters, L.B. and M.B. *State of Ohio v. McDaniel*, No. 108282, 2020 WL 730612, at *1 (Ohio Ct. App. Feb. 13, 2020).

After exhausting his state-court remedies, McDaniel filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on December 22, 2021. (ECF No. 1). On January 22, 2024, Magistrate Judge James E. Grimes, Jr. filed a Report and Recommendation ("R&R") recommending that this Court deny the Petition. (ECF No. 31). McDaniel timely objected to the R&R on February 23, 2024. (ECF No. 32).

Under the Federal Magistrates Act, a district court must review *de novo* those portions of the R&R to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt a R&R without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985). Here, McDaniel

objects only to the R&R's findings as to Grounds One, Three, Four, and Six. (*See* ECF No. 32). This Court therefore **ADOPTS** the R&R's findings as to Ground Two, concerning a lack of evidentiary hearing at the state-court trial level; and Ground Five, concerning double jeopardy.

### I. FACTUAL BACKGROUND

As previously stated, on January 22, 2024, Magistrate Judge Grimes issued the R&R in this matter. (ECF No. 31). The Court adopts the R&R's recitation of facts in full. (ECF No. 31, PageID #1968–86). McDaniel objected to the R&R and reiterated the arguments in support of his Petition, noting that he has asserted all claims that he has concerning his conviction. (ECF No. 32, PageID #2027, 2040). The substance of the R&R and McDaniel's objections to it are discussed below.

### II. LEGAL STANDARD

#### A. Jurisdiction

Title 28 U.S.C. § 2254(a) authorizes district courts to consider an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Cuyahoga County Common Pleas Court sentenced McDaniel and is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Petitioner's § 2254 petition.

#### B. Procedural Default

There are two ways a petitioner's claim may be procedurally defaulted. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim may be procedurally defaulted if a petitioner "fails to comply with state procedural rules in presenting his claim to the appropriate

state court." *Id.* To determine whether a petitioner's noncompliance with a state procedural rule bars review of his habeas claim, courts within the Sixth Circuit apply the four *Maupin* factors:

> (1) The court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule;
> (2) The court must determine whether the state courts actually enforced the state procedural sanction;
> (3) The court must decide whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and
> (4) If the state court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Second, a claim is procedurally defaulted when a petitioner fails to raise and pursue it in state court through the state's "ordinary appellate review procedures." *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). Ohio "provides only limited collateral review of convictions; prisoners may not raise claims that could have been litigated before judgment or on direct appeal." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In other words, a procedural default occurs when "state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period." *Williams*, 460 F.3d at 806; *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022).

A reviewing court may hear procedurally defaulted claims if a petitioner can show (1) "cause for the default and actual prejudice as the result of the alleged violation of federal law"; or (2) that "a fundamental miscarriage of justice" will result from not reviewing the claim. *Lundgren v. Mitchell*, 440 F.3d 754, 763–64 (6th Cir. 2006) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749 (1991)). A petitioner cannot rely on conclusory assertions of cause and prejudice to overcome

3

procedural default; instead, he must present affirmative evidence or argument for the precise cause and prejudice produced by the procedural default. *See Tinsley v. Million*, 399 F.3d 796, 806 (6th Cir. 2005) (citing *Northland Ins. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452 (6th Cir. 2003) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at a developed argumentation, are deemed waived.") (internal quotations omitted)).

Cause ordinarily turns on whether the petitioner can show that some objective factor, external to the defense, "impeded counsel's efforts to comply with the State's procedural rule." *Lundgren*, 440 F.3d at 763–64 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Ineffective assistance of counsel may serve as cause to excuse a procedural default if the ineffective assistance of counsel claim itself is not procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000). Attorney error is not "cause" unless it rises to a constitutional violation of the right to counsel under *Strickland v. Washington*. *Murray*, 477 U.S. at 488 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

To show prejudice, a petitioner must demonstrate that the purported constitutional errors worked to his actual and substantial disadvantage. *Id.* at 494. Prejudice requires a reasonable probability that the result of the proceeding—*i.e.*, a petitioner's underlying conviction—would have been different. *Ambrose v. Booker*, 801 F.3d 567, 577–78 (6th Cir. 2015). A finding of cause and prejudice does not entitle a petitioner to relief; it only allows a federal court to consider the merits of a claim that would have otherwise been procedurally defaulted. *Martinez v. Ryan*, 566 U.S. 1, 10 (2012).

Absent cause and prejudice, a petitioner may overcome procedural default by showing that a fundamental miscarriage of justice will occur if the court does not consider the claims. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray*, 477 U.S. at 495. A fundamental miscarriage of

justice occurs in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495–96. Actual innocence is "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Valid actual-innocence claims must be supported by new and reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial and is persuasive enough that a court could not have confidence in the outcome of the petitioner's trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Put another way, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

### III. LAW AND ANALYSIS

#### A. Ground One is not cognizable on federal habeas review.

In Ground One, McDaniel claims that he was "[d]eprived of constitutional and amendment rights of Ohio, and the United States of America ["Jurisdictional Violations"]. (ECF No. 1, PageID #8). McDaniel alleged that his arrest, indictments, pre-trial and trial proceedings, convictions, sentencing, and imprisonment are all void because the Cuyahoga County Court of Common Pleas did not have jurisdiction to preside over his case; rather, proper jurisdiction was in the Lyndhurst Municipal Court. (ECF No. 1-7, PageID #71-73). McDaniel also alleged that the Euclid Heights Municipal Court and jail did not have jurisdiction to "book and process charges" and hold him from April 4th to April 6th. (*Id*. at PageID #74). McDaniel claimed that his wrongful arrest was coordinated by the cities of Euclid Heights and Cleveland and their respective police departments, the trial court judge, and the prosecutor. (*Id.* at PageID #75–77; 79–82).

The Magistrate Judge addressed these arguments and concluded that Ground One was not cognizable because "subject matter jurisdiction, venue, and compliance with Ohio rules are all

5

issues of state law and, therefore, not cognizable on federal habeas review." (ECF No. 31, PageID #1993) (citing *Armstrong v. Wainwright*, No. 1:18-cv-1133, 2018 WL 8050904, at *10 (N.D. Ohio Dec. 20, 2018) (collecting cases), *report and recommendation adopted*, 2019 WL 1670994 (N.D. Ohio Apr. 17, 2019), *certificate of appealability denied*, No. 19-3446, 2019 WL 5874623, at *2 (6th Cir. Oct. 8, 2019); *Estelle v. McGuire*, 502 U.S. 62, 67–28 (1991)).  McDaniel did not object to the Magistrate Judge's conclusion.

In his objection to the R&R, McDaniel argues that the prosecutor empaneled her best friend as a juror (ECF No. 32, PageID #2023; 2026; 2034); the judge forced McDaniel's wife to testify and wrongfully supported L.B., M.B, and another witness, A.R. (*id.* at PageID #2028; 2035); and that three jurors were caught outside "deciding petitioner's fate" (*id.* at PageID #2034).  McDaniel did not make these arguments to the Magistrate Judge; thus the Court need not consider them absent "compelling reasons."  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Absent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). McDaniel's objection to the Magistrate Judge's conclusion regarding Ground One does not contain such compelling reasons.

The Magistrate Judge correctly determined that Ground One was not cognizable. Therefore, the Court **ADOPTS** the R&R as to Ground One.

### B. Ground Three fails on the merits.

The Magistrate Judge determined that Ground Three, concerning McDaniel's claim that the trial-court judge would not allow him to testify on his own behalf, fails on the merits for two reasons.  (*Id.* at PageID #1999–2002).  First, the trial transcript does not support McDaniel's claim that the trial judge told McDaniel that it would be best if he did not speak at trial.  (*Id*. at PageID

#1999–2000; *see* ECF No. 1-7 PageID #84).  Second, since McDaniel did not tell the trial judge that he wanted to testify or that he and his counsel disagreed about whether he should testify, the R&R finds that the Ohio court of appeal's decision affirming his conviction was not unreasonable. (*Id.* at PageID #2000–02).  In his objection, McDaniel states, "This Cuyahoga Common Pleas Court, Judge, grossly failed to allow, this petitioner, Arthur McDaniel to testify at his own criminal trial."  (ECF No. 32, PageID #2027).

A party objecting to a magistrate judge's report and recommendation must "identify the portions of the magistrate's recommendation to which objection is made and the basis for the objection."  *Martin v. LaBelle*, 7 F. App'x 492, 494 (6th Cir. 2001) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).  A general objection to a report and recommendation without such detail "has the same effects as would a failure to object."  *Id.* (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  Such is the case here.  McDaniel reiterates his claim that the trial court judge did not allow him to testify, but he does not identify any portion of the R&R addressing that claim that the Magistrate Judge got wrong.  McDaniel therefore waived his objection regarding Ground Three.

Even if McDaniel had not waived his objection, the Court agrees with the Ohio court of appeals and the Magistrate Judge, which both explained, "A trial judge is not required to conduct an inquiry with the defendant about the decision whether to testify."  (ECF No. 31, PageID #2000) (quoting *State of Ohio v. McDaniel*, No. 108282, 2020 WL 730612, at *7 (Ohio Ct. App. Feb. 13, 2020) (quoting *State v. Bey*, 709 N.E.2d 484, 499 (Ohio 1999); *State v. Fry*, 926 N.E.2d 1239, 1264 (Ohio 2010)).  The Magistrate Judge elaborated further: "Barring any statements or actions from the defendant indicating disagreement with counsel or the desire to testify, the trial court is neither required to sua sponte address a silent defendant and inquire whether the defendant

7

knowingly and intentionally waived the right to testify, nor ensure that the defendant has waived the right on the record." (*Id.* at PageID #2001) (quoting *United States v. Webber*, 208 F.3d 545, 551 (6th Cir. 2000)). Since the record does not demonstrate that McDaniel alerted the trial court judge that he wanted to testify or that he disagreed with his counsel about testifying, Ground Three fails on the merits. The Court therefore **ADOPTS** the R&R as to Ground Three.

### B.     Ground Four fails on the merits.

In Ground Four, McDaniel claimed that the "manifest-weight-of-evidence, was explicitly lacking, and insufficient." (ECF No. 1, PageID #13). McDaniel questioned why police did not present any photographs, "material" evidence, DNA evidence, corroborating witnesses, or medical records. (ECF No. 1-7, PageID #96–98). He pointed out that detectives did not have probable cause to believe that any kidnapping occurred because they did not identify any dates, times, or locations of the kidnapping. (*Id.* at PageID #98). McDaniel argued that the minor victims were involved in aftercare through their school during the week and either daycare or visitation with their father on weekends, making it impossible for him to sexually abuse the victims as the victims alleged. (*Id.* at PageID #98–99). He also claimed that he did not live with the victims during the time they claimed he abused them. (*Id.* at PageID #99).

McDaniel claimed that, had the police seized the family's electronics, they would have discovered text messages from the victims trying to extort material possessions from him using incriminating photos (which apparently portray the crimes for which he was convicted). (*Id.* at PageID# 100). McDaniel stated that the victims only claimed he abused them after McDaniel's son pleaded guilty to an unrelated rape charge. (*Id.* at PageID #101). He claims that the minor victims were unruly and showed "unwanted physical attractions toward him." (*Id.* at PageID

8

#102). McDaniel believes that the victims' claims of sexual abuse are retaliation for McDaniel forcing both girls to move out of the apartment. (*Id.*).

The Magistrate Judge reviewed the decision of the Ohio court of appeals and concluded that it applied the correct sufficiency standard to McDaniel's claim. (ECF No. 31, PageID #2003). The Magistrate Judge also noted that "McDaniel's arguments are all related to the credibility of witnesses and the evidence, which are not proper issues for a federal habeas court to review when evaluating a sufficiency of the evidence claim." (*Id.* at PageID #2009) (citing *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)). Finally, the Magistrate Judge found that McDaniel's claims that M.B. recanted certain testimony, that a text message was not authenticated, and that the state should have subpoenaed a "voice analysist" to identify McDaniel's voice on jail telephone call recordings, were all procedurally defaulted because he did not raise them on direct appeal. (*Id.* at PageID #2009–10). McDaniel also did not show cause, prejudice, or actual innocence to excuse the procedural default. (*Id.* at PageID #2010).

In his objection, McDaniel reiterates that the prosecution did not establish the dates of the rapes, present DNA evidence, or corroborate the victims' testimony with eye-witness accounts. (ECF No. 32, PageID #2024; 2026). He restates his claim that M.B. recanted her testimony that she was sexually penetrated and accuses the minor victims of "creat[ing] a temptation." (*Id.* at PageID #2029; 2030–33). McDaniel claims that L.B. lied when she testified that she moved out to get away from him, and that M.B. lied when she testified that McDaniel took her college food card to pay for groceries. (*Id.* at PageID #2036–37). McDaniel also tries to defend several incriminating statements he made via text, claiming that either his wife sent them or that they were misinterpreted. (*Id.* at PageID #2029; 2036–39).

9

McDaniel again does not point to which of the Magistrate Judge's conclusions he objects; he has therefore failed to properly object to the Magistrate Judge's conclusions relating to Ground Four. *See Martin v. LaBelle*, 7 F. App'x 492, 494 (6th Cir. 2001). The Court also reviewed the Magistrate Judge's conclusions relating to Ground Four and finds that they are correct. All of McDaniel's claims in Ground Four pertain to the credibility of witnesses, which is not a proper inquiry on habeas review. *See Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). McDaniel did not raise issues relating to M.B. recanting her testimony, authentication of certain text messages, or the government's failure to obtain testimony from a "voice analysist" on direct appeal; those issues are procedurally defaulted. He also has not shown cause, prejudice, nor actual innocence to excuse the default. McDaniel's arguments relating to the incriminating statements he made in text messages and jail calls are also improperly before the Court because McDaniel did not make those arguments to the Magistrate Judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Therefore, the Court **ADOPTS** the R&R as to Ground Four.

    **C.**  **Ground Six fails on the merits in part and is procedurally defaulted as to the remaining allegations.**

In Ground Six, McDaniel claims "Ineffective counsel." In support of Ground Six, McDaniel asserted that he gave his attorney photos and a list of more than 25 witnesses, all of which could have proven his innocence, but his attorney did not use that information at trial. (ECF No. 1-7, PageID #103). McDaniel also states that he caught his counsel meeting with the victims' biological father, with whom McDaniel's counsel had been friends and business associates since the early 1990s. (ECF No. 1-7, PageID #104).

As for the evidence McDaniel's counsel did not use, the Magistrate Judge reviewed the appellate court's application of the standard in *Strickland v. Washington*, 466 U.S. 688 (1984) and concluded that the appellate court correctly applied it. (ECF No. 31, PageID #2016). The court

10

of appeals determined that counsel's performance did not fall below an objective standard of reasonable representation:

> Counsel gave opening and closing arguments that asserted McDaniel's innocence, and he vigorously cross-examined the state's witnesses during trial. Although McDaniel asserted at sentencing that defense counsel failed to present photographs and videos that would have allegedly proven his innocence, the record reflects that no photographs or videos were ever produced by McDaniel during discovery and, therefore, they would not have been admissible at trial.

(*Id.* at PageID #2015) (quoting *State of Ohio v. McDaniel*, No. 108282, 2020 WL 730612, at *7–8 (Ohio Ct. App. Feb. 13, 2020)). The Magistrate Judge also quoted the portion of the appellate court's decision addressing prejudice, which noted that the evidence against McDaniel included "statements he made to his wife in which he apparently admitted his guilt." (*Id.*) (quoting *McDaniel*, 2020 WL 730612, at *7–8). Thus, having failed to show that his counsel was deficient, and that the outcome of his trial would have been different but for that deficiency, the Magistrate Judge recommended that this Court dismiss Ground Six. (*Id.* at PageID #2016).

The Magistrate Judge also concluded that McDaniel's other claims associated with his trial attorney were procedurally defaulted. (*Id.* at PageID #2018–19). Those claims include his counsel's alleged a conflict of interest stemming from his affiliation with the victims' father, and his counsel's failures to (1) file a motion for bail reduction; (2) object to McDaniel's wife "being forced to testify against" him; (3) object to the admissibility of jail calls into evidence; (4) object to the trial judge "quash[ing] and concealing" allegedly mitigating evidence; and (5) object or ask for acquittal at sentencing. (*Id.* at PageID #2018–19). Finally, the Magistrate Judge explained that McDaniel's claims related to his appellate counsel were also procedurally defaulted, since McDaniel did not raise the issue below. (*Id.* at PageID #2019).

11

In his objection, McDaniel reiterates his claim that his attorney would not use evidence that McDaniel gave him, including an employment schedule with the days and times he was at work. (ECF No. 32, PageID #2025; 2033). He also claims that his counsel knew the victims' biological father. (*Id.* at 2033). Regarding his appellate counsel, McDaniel complains that he dismissed some of the claims that McDaniel advanced pro se as moot. (*Id.* at PageID #2025).

Again, McDaniel does not identify the portion of the Magistrate Judge's R&R to which he objects. This means that the Court reviews Ground Six as though McDaniel made no objection. *See Martin v. LaBelle*, 7 F. App'x 492, 494 (6th Cir. 2001). The Court also reviewed the Magistrate Judge's conclusions relating to Ground Six and finds that they are correct. To succeed in an ineffective-assistance claim, McDaniel needed to show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to prejudice, McDaniel needed to "show that there is a reasonable probably that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. For the reasons stated by the court of appeals, McDaniel cannot satisfy either prong. (ECF No. 31, PageID #2015) (quoting *McDaniel*, 2020 WL 730612, at *7–8). Therefore, the Court concludes that the Magistrate Judge properly recommended dismissal of Ground Six. The Court **ADOPTS** the R&R as to Ground Six.

## IV. CONCLUSION

Accordingly, the Court **ADOPTS** Magistrate Judge Grimes's R&R, incorporates it fully herein by reference, and **DENIES** and **DISMISSES** the Petition. The Court also certifies, under 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Date: July 23, 2025

*[signature: Charles Fleming]*
_____
**CHARLES ESQUE FLEMING**
**UNITED STATES DISTRICT JUDGE**